C. F. BLANKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12047.   Promulgated June 25, 1928.

*L. D. Slattery, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

SIEFKIN: The foregoing findings of fact constitute all the facts that we can find from the record in this proceeding, and contain a number of statements which might more properly be termed assumptions of fact or conclusions. The allegations of the petitioner that the Commissioner added the amounts of $26,000 and $10,000 to the petitioner's income in the years 1920 and 1921, having been denied, it was incumbent upon the petitioner to show that such amounts were in fact added and reflected in the deficiencies in question. This was not done and for that reason alone we would be required to approve the action of the respondent upon that issue. Our decision need not rest upon that reason, since we would be led to the same result, because of the vague, contradicting and unsatisfactory nature of the evidence introduced to show that these amounts were loans to the petitioner from his brother.

The second issue relates to an alleged loss of $37,500 on the transfer of certain stock to the petitioner's wife in 1921. The pleadings and evidence show that this amount was disallowed as a loss by the respondent and was reflected in the deficiency for 1921. The evidence also shows that in 1918 the petitioner acquired 500 shares of the treasury stock of the C. F. Blanke Tea & Coffee Co. and his account was charged with $50,000 on the books of the company. It also shows that in 1921, to repay his wife for loans in 1920 of between $11,000 and $12,500, the petitioner assigned the stock to her and that concurrently entries were made upon the books of the company crediting the petitioner's account with $12,500 and charging his wife's account with $12,500. Thus, if the testimony means anything, it shows that the petitioner received cash of $11,000 to $12,500 as well as a credit of $12,500 in exchange for stock for which his account had been charged with $50,000 and his loss, if any, certainly does not exceed $26,500. The testimony on this point, however, is also conflicting and doubtful and we are not satisfied that any loss was in fact sustained. The relationship of husband and wife and the close relationship of this petitioner to the corporation leave considerable doubt as to whether the stock was transferred to the petitioner's wife in complete satisfaction of both the amount of the loan (the amount of which is indefinite) and the credit to the petitioner, or either, or whether the parties contemplated further loans or payments from the wife.

*Judgment will be entered for the respondent.*